UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JASON PAUL CHESTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 24-CV-2833 (UNA) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Plaintiff has filed a *pro se* complaint, ECF No. 1, and an application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. For the reasons explained below, the court will grant Plaintiff's IFP application and dismiss the matter without prejudice.

Plaintiff attempts to sue the United States for "the maximum allowable in damages," ECF No. 1, at 5, under the United States Constitution, the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346, the Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771, and federal law prohibiting the obstruction of correspondence, 18 U.S.C. § 1702, *see* ECF No. 1, at 1, 3, 5; ECF No. 1-1. He alleges that while his petition for writ of certiorari was pending at the Supreme Court, he submitted correspondence to the Supreme Court requesting an order of protection. *See* ECF No. 1, at 3. He asserts that his correspondence was intended only for Chief Justice Roberts and Justice Sotomayor, but that the Clerk of the Supreme Court opened the correspondence and returned it to him, rendering the Clerk criminally liable. *See id*. at 3, 5.

The court dismisses Plaintiff's complaint for the following reasons. First, although Plaintiff seeks damages, he indirectly asks this court to revisit taken by the Supreme Court's staff, which it may not do. *See In re Marin*, 956 F.2d 339, 340 (D.C. Cir. 1992); *Panko v. Rodak*, 606 F. 2d 168, 171 n.6 (7th Cir. 1979) ("[I]t it seems axiomatic that a lower court may not order the

judges or officers of a higher court to take an action."), *cert. denied*, 444 U.S. 1081 (1980); *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (holding that federal district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts"); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994) (applying *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)), *aff'd*, No. 94-5079, 1994 WL 474995 (D.C. Cir. 1994), *cert. denied*, 513 U.S. 1150 (1995). Indeed, the D.C. Circuit has specifically instructed "that the lower federal courts have no authority to compel the Clerk of the Supreme Court to take any action because 'supervisory responsibility' over the Clerk is 'exclusive to the Supreme Court.'" *Reddy v. O'Connor*, 520 F. Supp. 2d 124, 132 (D.D.C. 2007) (quoting *In re Marin*, 956 at 340). And "[e]ven less needs to be said to explain that a lower federal court" patently lacks the ability "to compel the justices of the Supreme Court to take any action." *Reddy*, 520 F. Supp. 2d at 132-33; *see Steele v. Supreme Court of U.S.*, 255 F. App'x 534, 534-35 (per curiam) (affirming trial court's dismissal with prejudice of an action filed against the Supreme Court and its Clerk and staff); *In re Lewis*, No. 99-5015, 1999 WL 150347, at *1 (D.C. Cir. 1999) (per curiam) (same).

Additionally, contrary to Plaintiff's contentions, the Clerk of the Supreme Court is, in fact, authorized to open mail submitted to the Supreme Court, and furthermore, is specifically tasked with reviewing and rejecting submissions. *See Thrasher v. Suter*, No. 11-1367, 2011 WL 3267933, at *1 (D.D.C. July 27, 2011) ("[T]he Clerk of the Supreme Court is the designated recipient of all documents filed with the Supreme Court, and is authorized to reject any filing that does not comply with the applicable rules and orders."), *aff'd*, 473 F. App'x 5 (D.C. Cir. 2012) (per curiam); *see also* Sup. Ct. R. 1. ("The Clerk receives documents for filing with the Court and has authority to reject any submitted filing that does not comply with these Rules."); Sup. Ct. R. 29 ("Any

document required or permitted to be presented to the Court or to a Justice shall be filed with the Clerk in paper form."); Sup. Ct. R. 22 ("An application addressed to an individual Justice shall be filed with the Clerk[.]"). Federal district courts have no authority to determine what action should be taken by the Clerk of the Supreme Court with regard to a litigant's submissions. *See Thrasher*, 2011 WL 3267933, at *1.

Second, Plaintiff cannot seek damages arising from the alleged actions of the Clerk, even if they were not authorized by the Supreme Court's rules. A court, its judges, and its staff are absolutely immune from suit for damages for actions taken in the performance of their duties "unless these actions are taken in the complete absence of all jurisdiction." *Sindram v. Suda*, 986 F.2d 1459, 1460-61 (D.C. Cir. 1993); *Mireles v. Waco*, 502 U.S. 9, 9 (1991) (same); *see Caldwell v. Kagan*, 865 F. Supp. 2d 35, 42 (D.D.C. 2012) (finding that courts have "absolute immunity for any actions taken in a judicial or quasi-judicial capacity"). A court and its staff "will not be deprived of immunity because the action [they] took was in error, was done maliciously, or was in excess of [their] authority." *Mireles*, 502 U.S. at 12-13; *see also Roth v. King*, 449 F.3d 1272, 1287 (D.C. Cir. 2006) ("It is well established that judicial immunity 'extends to other officers of government whose duties are related to the judicial process.'" (quoting *Barr v. Matteo*, 360 U.S. 564, 569 (1959))); *Hester v. Dickerson*, 576 F. Supp. 2d 60, 62 (D.D.C. 2008) (holding that absolute judicial immunity extends to Clerks of Court).

Third, Plaintiff relies on 18 U.S.C. § 1702 and 18 U.S.C. § 3771, but neither of those criminal statutes provides a private cause of action for money damages. *See Prunte v. Universal Music Group*, 484 F. Supp. 2d 32, 42 (D.D.C. 2007) ("[The] Supreme Court has refused to imply a private right of action in a bare criminal statute." (internal quotation marks omitted)); *Rockefeller v. U.S. Court of Appeals for the Tenth Circuit*, 248 F. Supp. 2d 17, 20 (D.D.C. 2003) (same)

(collecting cases); *see also Berlin Democratic Club v. Rumsfeld*, 410 F. Supp. 144, 162 (D.D.C. 1976) ("Section 1702 is purely a criminal statute and cannot support a civil cause of action[.]"); *Cunningham v. U.S. Dep't of Justice*, 961 F. Supp. 2d 226, 241 (D.D.C. 2013) ("No judicial relief may be had under CVRA because that statute does not allow a private party to sue for enforcement. CVRA expressly disallows a suit for damages against the federal government or its officials[.]").

Finally, although the FTCA may in some circumstances waive the government's sovereign immunity, several exceptions to this waiver apply here. *See Williams v. Wilkie*, 320 F. Supp. 3d 191, 198 (D.D.C. 2018). Notably, a plaintiff may not generally bring an FTCA claim arising from intentional acts, including abuse of process or interference with rights. *See* 28 U.S.C. § 2680(h); *Williams*, 320 F. Supp. 3d at 198; *see also Omegbu v. United States*, 475 Fed. App'x. 628, 639 (7th Cir. 2012) (holding that the intentional tort exception "bars claims against the United States for the willful mishandling of records"); *Janowsky v. United States*, 913 F.2d 393, 396-97 (7th Cir. 1990) (similar); *Muniz-Rivera v. United States*, 326 F.3d 8, 13 (1st Cir. 2003) (similar). Moreover, the United States possesses immunity from any claims arising from negligence or mishandling of mail. *See* 28 U.S.C. § 2680(b); *Linn v. Dep't of Justice*, No. 92-CV-1406, 1995 WL 631847, at *23-*24 (D.D.C. Aug. 22, 1995) (finding that Section 2680 applies in equal measure to all federal agencies, not just the United States Postal Service). Thus, even if Plaintiff could overcome the aforementioned hurdles, he would not be able to successfully bring his FTCA claim.

For these reasons, the court will grant Plaintiff's PHV application, ECF No. 2, and dismiss the complaint, ECF No. 1, without prejudice. An order consistent with this memorandum opinion will issue separately.

_____
LOREN L. ALIKHAN
United States District Judge

Date: January 6, 2025